**BAUTE CROCHETIERE & GILFORD LLP**
MARK D. BAUTE (State Bar No. 127329)
mbaute@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

*Attorneys for Defendant*
DERRICK ROSE, an individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JANE DOE (A Pseudonym),<br><br>  Plaintiff,<br><br>   v.<br><br>DERRICK ROSE, in Individual; RANDAL HAMPTON, an Individual; RYAN ALLEN, an Individual; and DOES 1-10 Inclusive,<br><br>  Defendants. | Case No. _____<br><br>[USDC Central District - Case No. CV 15-7503-MWF(JCx)]<br><br>**DISCOVERY MATTER**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**<br><br>**Hearing:**<br>Date:         To Be Assigned<br>Time:        To Be Assigned<br>Courtroom: To Be Assigned<br>Judge:       To Be Assigned<br><br>Discovery Cutoff: June 17, 2016<br>Pretrial Conference: September 19, 2016<br>Trial Date: October 4, 2016 |

241081.1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Plaintiff filed this action, using the pseudonym "Jane Doe," in the Superior Court of California for the County of Los Angeles on August 26, 2015. It was later removed to federal court in the Central District of California. In her Complaint, Plaintiff alleges that she and defendant Derrick Rose ("Defendant" or "Mr. Rose") had a long-term intimate relationship spanning several years that included sexual intimacy. She alleges Mr. Rose and two other defendants, Ryan Allen and Randall Hampton, drugged her on August 26 or August 28, 2013, when she visited Mr. Rose's rented house in Beverly Hills, then trespassed into her apartment early the next morning (August 27 or August 29) and raped her without her consent. All three defendants strongly deny those allegations. Plaintiff's own text messages, wrongfully withheld until the day after her deposition, contradict the allegations in the Complaint. The texts clearly show Plaintiff being adventurous, buying a sex belt to have fun with Mr. Rose, and then asking Mr. Rose to drive over to her house at 1 a.m. for more consensual interaction. Plaintiff also withheld texts showing that when she woke up the next morning, she asked Mr. Rose for reimbursement for her cab fares and the sex toys she purchased, and mentioned only that she had a hangover and had to get to work. This is not a rape case. It's pure and simple extortion by a plaintiff who does not want anyone to be deposed because every lay witness in the case will shred Plaintiff's story.

Plaintiff's various claims include intentional infliction of emotional distress and negligent infliction of emotional distress. As a result, Mr. Rose wishes to depose Plaintiff's parents about a variety of issues, including the "traditional, religious" upbringing referred to in her Complaint and other causes of Plaintiff's emotional distress. Mr. Rose served Plaintiff's parents with deposition subpoenas. They did not appear for their depositions. Although a meet and confer has taken place, they have not agreed to appear for their depositions. This motion concerns

Plaintiff's father.[1]  A separate motion to compel the deposition of her mother has also been filed.

## II. STATEMENT OF FACTS

### A. Mr. Rose Serves A Subpoena For Plaintiff's Mother's Deposition But She Fails to Appear For Her Deposition

Plaintiff filed this action, using the pseudonym "Jane Doe," in the Superior Court of California for the County of Los Angeles on August 26, 2015.  May _, 2016 Declaration of Laura E. Robbins ¶ 2 & Exh. A.  It was later removed to federal court in the Central District of California.  *Id.* ¶ 2.  In her Complaint, Plaintiff alleges that she and defendant Derrick Rose ("Defendant" or "Mr. Rose") had a long-term intimate relationship spanning several years that included sexual intimacy.  *Id.* ¶ 3 & Exh. A.  Plaintiff's various claims include intentional infliction of emotional distress and negligent infliction of emotional distress.  *Id.* ¶ _ & Exh. _.  As a result, Mr. Rose wishes to depose Plaintiff's parents about a variety of issues, including the "traditional, religious" upbringing referred to in her Complaint and other causes of Plaintiff's emotional distress.  *Id.* ¶ 3 & Exh. A.

On March 1, 2016 counsel for Mr. Rose issued a subpoena for Plaintiff's father's deposition.  *Id.* ¶ 4 & Exh. B.  It was served on March 1, 2016.  *Id.* ¶ 4 & Exh. C.  Plaintiff's Complaint sets forth various claims including intentional infliction of emotional distress and negligent infliction of emotional distress.  *Id.* ¶ 5.  As a result, Mr. Rose wishes to depose Plaintiff's parents about a variety of issues, including the "traditional, religious" upbringing referred to in her Complaint.  *Id.* ¶ 5 & Exh. C, Complaint ¶ 17(a).  Mr. Rose served Plaintiff's parents with deposition subpoenas but they did not appear for their depositions.  *Id.* ¶ 5.

---

[1] Plaintiff takes the position that the names of her parents must be sealed.  While Mr. Rose does not agree with that position, he refers to the parents in this motion as Plaintiff's mother and Plaintiff's father.  The names of Plaintiff's parents are revealed in the subpoenas, which Mr. Rose has requested to seal.

241081.1

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

The subpoena set the deposition for March 23, 2016 at a court reporter's office in Stockton, California, the city in which Plaintiff's father resides. *Id*. ¶ 6. Plaintiff's father did not serve objections to the subpoena. *Id*. ¶ 6. He did not file either a motion to quash or a motion for a protective order.[2] *Id*. Plaintiff's father did not appear for his deposition on March 23, 2016. *Id*. Mr. Rose took a non-appearance. *Id*. ¶ 6.

## B. Mr. Rose Meets And Confers With Plaintiff's Parents But Is Unable To Secure A Deposition Date

On April 4, 2016, Mr. Rose's counsel sent a meet and confer letter to Plaintiff's father. *Id*. ¶ 7 & Exh. D. As Plaintiff's father is not represented by counsel, the meet and confer letter was sent directly to him. *Id*. ¶ 7. On April 5, 2016, in response to the meet and confer letter, a man who identified himself as Julio and said he was the son of Plaintiff's parents, called Mr. Rose's counsel's office to meet and confer regarding the depositions of Plaintiff's parents. *Id*. ¶ 8. Julio said that Plaintiff's mother is confined to a wheelchair. *Id*. He requested that the depositions of the parents take place at her residence, which Mr. Rose's counsel agreed to. *Id*. Julio said he would speak with his parents and provide Mr. Rose's counsel with a deposition date. *Id*. Neither Julio nor Plaintiff's parents provided a deposition date. *Id*.

---

[2] Plaintiff did not move to quash, nor did she move for a protective order. *Id*. ¶ 9. She did, however, serve invalid objections on March 22, 2016. *Id*. ¶ 9 & Exh. E. The objections are invalid because a party cannot simply object to a non-party's deposition. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash."); Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F ("Only the witness can prevent disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object. Rather, a protective order or motion to quash the subpoena is required." ).

241081.1

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

## III. LEGAL ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Federal Rule of Civil Procedure 26(b)(1).

Given that Plaintiff is seeking emotional distress damages, and that the Complaint references her traditional, religious upbringing, the depositions of Plaintiff's parents are relevant. Under the Federal Rules of Civil Procedure, when a non-party refuses to appear for a deposition, the Court can compel that party to make himself or herself available for a deposition. Here, after Mr. Rose served a subpoena setting March 23, 2016 as the date for Plaintiff's father's deposition, Plaintiff's mother did not serve a timely objection. "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). As a result, any objections she could have made have been waived. Mr. Rose took a non-appearance at the deposition on March 23, 2016.

The depositions of Plaintiff's parents are relevant to the litigation, given that Plaintiff seeks emotional distress damages and makes references to her upbringing in her Complaint. "[The right to privacy] . . . is waived when a plaintiff raises before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries." *Enwere v. Terman Associates, L.P.*, No. C 07-1239 JF PVT, 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008). Here, Plaintiff seeks emotional distress damages. As a result, she has waived her privacy rights by putting her emotional condition at issue. *See, e.g., Bangoura v. Andre-*

241081.1

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

*Boudin Bakeries*, No. C 12-3229 MMC DMR, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012) ("Defendant is entitled to reasonable discovery that will shed light on the nature of Plaintiff's alleged emotional distress and on the sources that proximately gave rise to it."). Mr. Rose must be permitted to depose Plaintiff's parents regarding other potential causes of the alleged emotional distress. Accordingly, the Court should compel Plaintiff's mother to make herself available to be deposed before the June 17, 2016 discovery cutoff, within ten days of an order compelling the deposition.[3]

## IV.  CONCLUSION

Mr. Rose requests that the Court compel the deposition of Plaintiff's father within ten days, on the same day as the deposition of Plaintiff's mother.

DATED: May 5, 2016                **BAUTE CROCHETIERE & GILFORD LLP**

By:  /s/ Mark D. Baute
  MARK D. BAUTE
  Attorneys for Defendant
  DERRICK ROSE, an individual

---

[3] Mr. Rose is willing to take the deposition at the family residence to accommodate Plaintiff's mother.

241081.1

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

# PROOF OF SERVICE

**JANE DOE v. DERRICK ROSE, et al.**
**USDC Eastern District Case No.** _____
[USDC Central District Case No. CV 15-7503-MWF(JCx)] [2235.1]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, Suite 4900, Los Angeles, CA 90017.

On May 5, 2016, I served true copies of the following document(s) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER** described as  on the interested parties in this action as follows:
**(\*\*SEE ATTACHED SERVICE LIST\*\*)**

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jdiep@bautelaw.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 6:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY FEDERAL EXPRESS/OVERNIGHT:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☒ **BY HAND/PERSONAL DELIVERY:** I caused such envelope(s) to be delivered by hand only to the person(s)/office(s) indicated below.

241081.1                                               i
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Baute Crochetiere & Gilford LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2016, at Los Angeles, California.

/s/ Mark D. Baute
MARK D. BAUTE

241081.1

ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

# SERVICE LIST

**JANE DOE v. DERRICK ROSE, et al.**
**USDC Eastern District Case No.** _____
[USDC Central District Case No. CV 15-7503-MWF(JCx)] [2235.1]

**VIA E-MAIL AND U.S. MAIL**

| | |
|---|---|
| Brandon J. Anand, Esq.<br>ANAND LAW, PC<br>5455 Wilshire Blvd., Suite 1812<br>Los Angeles, CA  90036<br>Telephone:  (323) 325-3389<br>Fax:  (323) 488-9659<br>E-mail:  brandon@anandlaw.com;<br>info@anandlaw.com | *Attorneys for Plaintiff*<br>*JANE DOE* |

**VIA E-MAIL AND U.S. MAIL**

| | |
|---|---|
| Thaddeus J. Culpepper, Esq.<br>CULPEPPER LAW GROUP<br>710 South Garfield Avenue<br>Alhambra, CA  91801<br>Telephone:  (626) 786-2779<br>Fax:  (626) 380-1577<br>E-mail:  culpepper@alumni.pitt.edu | *Attorneys for Plaintiff*<br>*JANE DOE* |

**VIA E-MAIL AND U.S. MAIL**

| | |
|---|---|
| Patrick M. Maloney, Esq.<br>THE MALONEY FIRM, APC<br>2381 Rosecrans Avenue, Suite 405<br>El Segundo, California 90245<br>Telephone:  (310) 540-1505<br>Fax:  (310) 540-1507<br>E-mail:  pmaloney@maloneyfirm.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN*<br>*ALLEN* |

**VIA E-MAIL AND U.S. MAIL**

| | |
|---|---|
| Michael D. Monico, Esq.<br>Barry A. Spevack, Esq.<br>MONICO & SPEVACK<br>20 S. Clark Street, Suite 700<br>Chicago, IL  60603<br>Telephone: (312) 782-8500<br>Fax: (312) 759-2000<br>E-mail: mm@monicolaw.com | *Attorneys for Defendants*<br>*RANDALL HAMPTON and RYAN*<br>*ALLEN* |

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

241081.1

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**

**VIA HAND/PERSONAL DELIVERY AND FEDERAL EXPRESS OVERNIGHT**

Plaintiffs' Parents Who Is Unnamed Due to Plaintiff's Objection To Publically Naming Them

241081.1

iv

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DERRICK ROSE'S MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF'S FATHER**