UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. 2:16-mc-00088 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| DERRICK ROSE, RANDALL HAMPTON, RYAN ALLEN, DOES 1-10, | |
| Defendants. | |

Defendant Rose's Motion to Compel the depositions of plaintiff's mother and father came on for hearing on this court's regular law and motion hearing of June 6, 2016. Roderick MacKenzie of MacKenzie & Brody specially appeared for plaintiff; Laura Robbins of Baute Crochetiere & Gilford appeared for defendants.

PROCEDURAL BACKGROUND

The underlying action is proceeding in the Central District of California, Case No. CV 15-7503-MWF(JCx). Plaintiff seeks damages for sexual battery, gender violence, intentional and negligent infliction of emotional distress, and related torts. ECF No. 1-2 at 5-29[1] (Exhibit A to Robbins Decl.) (Complaint). The instant Motion is brought in this court as a miscellaneous

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

1

matter because the two witnesses sought for deposition reside here. The depositions were originally noticed for March 23, 2016. Neither of the deponents objected to or moved to quash the depositions, but neither appeared at the place and time specified in the deposition notices. Defendants filed these Motions to Compel on May 5, 2016, and refiled them on May 9, 2016 in order to conform to Eastern District of California Local Rules.

The parties have informed the court that the discovery cut-off directed by the Central District of California is June 17, 2016, so time is of the essence.

## THE DISCOVERY DISPUTE

On March 23, 2016, the very date for which the depositions had been scheduled, plaintiffs' counsel objected to the subpoenas on various grounds that were discussed at the hearing and will be addressed below.

On April 4, 2016 defendant's counsel sent a meet and confer letter to the deponents directly, as they did not purport to be represented by counsel. Deponents' son responded to the meet and confer letter by telephone on April 5, 2016 and he and defendant's counsel agreed that the depositions would take the depositions at deponents' residence as the Mother was confined to a wheelchair. The depositions were not, however, taken and the Motions at issue here were filed.

Defendant Rose stated he wishes to question plaintiff's parents regarding any changes in plaintiff's demeanor and well-being from the time of the incidents of which she complaints to the present, and to develop facts about the cultural and religious tradition in which plaintiff was raised. Defendant contends that the allegations of the Complaint put both subjects squarely in issue. Plaintiff seeks to prevent the depositions on the ground that her parents are unaware of the events disclosed in her complaint, and that the real purpose of the deposition is to develop facts regarding plaintiff's sexual history.

## STANDARDS

Federal Rule of Civil Procedure 26(b)(1) makes clear that the scope of discovery is broad, and a party may inquire into "any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case." Information within this scope of discovery need not be admissible in evidence to be discoverable. Id.

Federal Rule of Civil Procedure 30 provides that a party may depose any person upon notice, and that the notice may be accompanied by a subpoena duces tecum designating documents to be produced at the deposition. Fed. R. Civ. P. 30(a), (b). A deponent's attendance may be compelled by subpoena issued under Rule 45. Fed. R. Civ. P. 30(a)(1).

## DISCUSSION

I.     Defendant's Request To Seal

The copies of the proposed deposition subpoenas attached to defendant's motion, ECF Nos. 2-1 at 37, 2-2 at 37, are redacted in grudging deference to plaintiff's position that she is entitled to anonymity in this case.[2] Defendant has filed two documents titled Notice of Request To Seal Document(s), ECF Nos. 8, 9, which indicate that defendant seeks to file the unredacted versions of the subpoenas under seal. These requests do not comply with Local Rule 141, which requires that a party seeking to file documents under seal must not only file a notice that sealing is sought, but also contemporaneously submit to the court (1) a Request to Seal which provides statutory or other authority for sealing, along with other specified information; (2) a proposed order; and (3) all documents covered by the request. In this case, the unredacted subpoenas should have been provided to the court. Defendants have provided none of the required materials.

In any event, defendant's filing of the redacted subpoenas is governed by Local Rule 140(b), which provides that a party seeking to redact the names of individuals other than minors must obtain prior leave of court. In the interests of judicial efficiency, the court will construe defendant's requests to seal as requests to redact under Local Rule 140(b). So construed, the requests will be granted *nunc pro tunc*.

II.    Plaintiff Lacks Standing To Oppose The Motion

The plaintiff has no standing to object to the deposition subpoenas at issue. Under Federal Rule of Civil Procedure 45(d)(2)(B), the right to object lies with the "person commanded." This limitation is reiterated in Rule 45(e)(2)(A), which allows the "person withholding" to expressly make a claim of a need for protection or to claim privilege. A party to a lawsuit typically has no

---

[2] That issue, which is vigorously contested by defendants, is presently before the presiding district judge.

1 standing to object to a subpoena directed to a non-party in the absence of a privilege. Langford v.
2 Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975); see also Brown v. Braddick, 595
3 F.2d 961, 967 (5th Cir. 1979).

4     The plaintiff here is neither the person commanded to appear nor the person withholding
5 discovery.  Accordingly, her putative objections are without effect.  Plaintiff may have had
6 standing to seek a protective order or moved to quash, if she could meet the privilege
7 requirement, but the objections she did file were not timely under Rule 45(D)(2)(B) (any
8 objection "*must* be served before the earlier pf the time specified for compliance 14 days after the
9 subpoena is served.") (emphasis added).  The intended deponents have not objected to the
10 depositions, sought a protective order, or appeared to oppose the motion to compel.  Accordingly,
11 the motion may be granted as unopposed.

12     III.    Plaintiff's Objections Lack Merit

13     In any event, plaintiff's objections lack merit.  Assuming without deciding that the
14 objections are properly before the court, they are overruled for the following reasons.

15     A.    Improper Purpose

16     Plaintiff speculates that the purpose for the depositions of plaintiff's parents is to harass
17 her by needlessly exposing her elderly parents to the facts of this case, thereby dissuading her
18 from pursing this suit, or to attempt to draw attention away from the fact that defendants are serial
19 sex offenders and rapists. ECF 11 at 3:13-19.

20     Contrary to plaintiff's argument, defendant has identified permissible purposes for the
21 depositions.  Plaintiff has asserted emotional distress claims.  ECF No. 1-2 (Complaint) at 5.
22 Defendant therefore wishes to examine her parents about any changes in her behavior and
23 demeanor following the date of the alleged assault, as well as other potential causes of her alleged
24 emotional distress. ECF 13 at 6:2-3.  Defendant also wants to flesh out the facts regarding
25 plaintiff's conservative religious upbringing, which has allegedly magnified her emotional
26 distress. ECF 13 at 3:13-25.  Plaintiff has placed these matters in issue.[3]  The depositions

---

27
28 [3] See ECF 1-2 (Complaint) at 6:14-18; 8:19-21; 8:22-9:3;17:1-11; 18:27-19:2; 20:1-5; 23:25-28; 24:27-25:2; 26:5-6; 27:4-8.

1  therefore seek information relevant to the claims and potential defenses.

2      The undersigned concludes that the defendant seeks discoverable information, and the
3  depositions therefore are not for an improper purpose.

4      B.    Right to Privacy

5      Plaintiff contends that she has a right to privacy as it pertains to her religious beliefs,
6  citing Union Pacific Railroad Company v. Botsford, 141 U.S. 250, 251 (1891).  She argues that
7  defendants seek to invade her religious privacy by asking her parents about her religious beliefs.
8  ECF 10 at 4:25-5:4.  But defendants have made clear that they do not intend to question the
9  deponents about their religious beliefs per se, or those of their daughter, but rather wish to
10 question the deponents about plaintiff's upbringing and experiences as a young person and how
11 those experiences and her "traditional, religious" upbringing and related sexual mores have
12 affected her.  ECF 13 at 18-25.  These lines of inquiry are relevant to plaintiff's emotional distress
13 claims as framed in her complaint.  This objection is therefore overruled.

14     C.    Past Sexual Behavior

15     Plaintiff argues that the depositions are barred by Federal Rule of Evidence 412(a), which
16 limits the admission of a victim's sexual behavior or sexual predisposition.  ECF 10 at 5:6-10.
17 This argument fails for several reasons.

18     First, defendant's representations regarding the purpose of the deposition of plaintiff's
19 parents, as discussed above, do not indicate any intention to examine the deponents regarding the
20 details of plaintiff's sexual history or predisposition.

21     Second, plaintiff has put her sexual behavior in issue through her complaint.  By making
22 specific factual allegations regarding the sexual mores of her family, her own sexual history and
23 experiences, and her emotional health, plaintiff's complaint has rendered these subject areas
24 relevant.[4]  In any event, plaintiff's own allegations undermine her sexual privacy argument.

25     Third, Rule 412 does not create an absolute bar to the use of a victim's sexual history.
26 Rather, it specifies both prohibited and permissible uses of such evidence.  Evidentiary rulings are

27

28 [4] See supra n.3; see also ECF No. 1-2 at 9:4-17.

5

the province of the presiding district judge, who will make them if and when this case progresses to the stage where such rulings are required.

Fourth, the Rules of Evidence have no bearing on the scope of discovery. Fed. R. Civ. P. 26(b)(1) specifically provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

For all these reasons, this objection is overruled.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant's Requests to Seal Documents, ECF Nos. 8, 9, are construed as requests to file redacted documents pursuant to Local Rule 140(b). So construed, the requests are granted nunc pro tunc to the filing date of the Motions to Compel;

2. Defendants' Motions to Compel, ECF Nos. 1, 2, are GRANTED;

3. The Clerk of the Court is directed to provide unredacted, fully executed copies of the subpoenas filed with the court to defendants' counsel upon request. The subpoenas shall specify a date for the depositions, to be held in the home of the deponents, at a day and time that will permit those depositions to be completed before the discovery cut-off date of June 17, 2016.

DATED: June 9, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE